No. 18-80147

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AVNER GREENWALD, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Respondent*,

v.

RIPPLE LABS INC., *et al.*,

*Defendants-Petitioners*.

On Petition for Permission to Appeal from The United States District
Court for the Northern District of California, No. 4:18-cv-04790-PJH
The Honorable Phyllis J. Hamilton

**PLAINTIFF-RESPONDENT'S ANSWER IN OPPOSITION TO PETITION
FOR PERMISSION TO APPEAL FROM ORDER GRANTING MOTION
TO REMAND PURSUANT TO 28 U.S.C. §1453(c)(1)**

JOHN T. JASNOCH
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. BROADWAY, SUITE 3300
SAN DIEGO, CA 92101
TELEPHONE: 619-233-4565
FACSIMILE: 619-233-0508
jjasnoch@scott-scott.com

THOMAS L. LAUGHLIN, IV
RHIANA L. SWARTZ
SCOTT+SCOTT ATTORNEYS AT LAW LLP
THE HELMSLEY BUILDING
230 PARK AVENUE, 17TH FLOOR
NEW YORK, NY 10169
TELEPHONE: 212-223-6444
FACSIMILE: 212-223-6334

*Attorneys for Plaintiff-Respondent Avner Greenwald*

I.  INTRODUCTION

There is no reason for the Court to accept Petitioners' appeal. As the District Court recognized, the Ninth Circuit has already addressed the specific question of law at issue in this appeal. In *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), this Court held that actions asserting claims under the Securities Act of 1933 (the "Securities Act") and, therefore, subject to the Securities Act's anti-removal provision in Section 22(a), may not be removed to federal court under the Class Action Fairness Act of 2005 ("CAFA"). Section 22(a) states, "[n]o case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. §77v(a). The *Luther* holding applies to this case asserting Securities Act claims and, therefore, was properly remanded by the District Court for that reason. *See Greenwald v. Ripple Labs, Inc.*, No. 18-cv-04790-PJH, 2018 WL 4961767, at *3 (N.D. Cal. Oct. 15, 2018).

Petitioners have provided no reason why this Court should waste its resources reconsidering its own established precedent. Since *Luther*, the case law has moved sharply toward the view that Securities Act cases may be filed in state court and that the Securities Act's anti-removal bar prevents their removal. Most notably, the Supreme Court recently held that state courts have jurisdiction over Securities Act claims and that they may not be removed under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). *See Cyan, Inc. v. Beaver County Empls. Ret. Fund*, 138 S. Ct. 1061, 1078 (2018). Petitioners' effort to reverse *Luther* conflicts with the Supreme Court's interpretation of the Securities Act and would lead to the anomalous result that Securities Act claims for covered securities, such as stocks that trade on a national exchange, could proceed in state court but that Securities Act claims on non-covered securities could be removed under CAFA. Petitioners cannot explain how such an outcome makes sense.

Petitioners' citation to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) is unavailing because that decision did not abrogate *Luther*. *Dart Cherokee* was not a securities case and did not address the Securities Act or its anti-removal provision. Moreover, *Dart Cherokee* also did not address or take issue with *Luther*'s holding that the Securities Act's anti-removal bar trumps CAFA or the statutory analysis underpinning that holding. Rather, *Dart Cherokee* limited the Ninth Circuit's general rule of strictly constructing removal statutes by stating that general presumption against removal does not apply to CAFA. *Id.* at 554. That aspect of *Dart Cherokee* evidently does not reverse *Luther* and is not clearly irreconcilable with *Luther*'s holding. Further, the out-of-Circuit conflicting decisions cited by Petitioners are few in number, dated, and unpersuasive.

Finally, Petitioners' argument that the district court erred in not finding that removal based on CAFA's "alienage jurisdiction" is different than removal based on CAFA's "minimal diversity" jurisdiction is meritless. As the district court reasoned, "neither *Luther* nor CAFA supports that distinction. Nothing in *Luther* suggests that the decision hinged on removal being premised on minimal diversity jurisdiction, rather than alienage jurisdiction." *Greenwald*, 2018 WL 4961767, at *2.

Accordingly, the Court should deny the Petition.

## II.   STANDARD FOR ACCEPTING APPEAL

"A party must seek permission from the court of appeals to bring an appeal from a district court's remand decision under CAFA, and such permission is granted sparingly." *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011). A key factor in determining whether an appeal will be accepted under §1453(c) is "the presence of an important CAFA-related question" in the case. *Id*. Acceptance of the appeal is more likely if the CAFA-related question is unsettled, particularly

when the question appears to be "incorrectly decided [by the court below] or at least fairly debatable." *Id.*

In addition to the presence of an important CAFA-related question, the Court considers the following case-specific factors when determining whether to grant permission to appeal a remand order: (1) the importance of the CAFA-related question to the case at hand; (2) the likelihood that the question will evade effective review if left for consideration only after final judgment; (3) whether the record is sufficiently developed and the order sufficiently final to permit intelligent review; and (4) whether the balance of harms weighs in favor of granting review. *Coleman*, 627 F.3d at 1100.

Additionally, this Court would require an *en banc* panel to overrule *Luther*. Unless an "intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are 'closely on point,'" a panel of this Court cannot overrule prior circuit authority; rather, that can only be done by the court sitting *en banc*. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123 (9th Cir. 2002); *United States v. Lancellotti*, 761 F.2d 1363, 1366 (9th Cir. 1985)).

### III. ARGUMENT

#### A. The *Coleman* Factors Weigh Against Accepting the Appeal

The CAFA-related question presented in this case – whether the Securities Act's anti-removal provision trumps CAFA – was rightly decided by this Court in *Luther* in 2008. 533 F.3d at 1034. Thus, there is no **open** CAFA-related question presented in this case. It is well-settled in this Circuit and has been for ten years that a defendant may not remove a pure Securities Act case under CAFA. *Id.* Because *Luther* is binding precedent on district courts in this Circuit, there can be no credible argument that the decision below was wrongly decided nor was it fairly debatable.

3

The district court correctly followed the law of this Circuit, plain and simple.[1] The most important factor in deciding whether to accept this appeal therefore weighs against accepting the appeal.

As to the other factors, they also weigh in favor of denying permission to appeal. The removal issue is not critically important to the case as hand, the ultimate merits of which will still be decided by a court. Furthermore, the Supreme Court has explicitly endorsed state-court jurisdiction of Securities Act actions and the continued vitality of the Section 22(a) anti-removal bar. *Cyan*, 138 S. Ct. at 1078. Rather than offer likeliness that the issue in question will evade review, *Luther* demonstrates that this issue **has already been reviewed**. Finally, Respondent and the putative class should not be harmed by further delays of discovery and litigation of the merits of this case.

### B. *Dart Cherokee* Did Not Overrule or Abrogate *Luther*

*Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), is readily distinguishable from this case. *Dart Cherokee* involved the Supreme Court's review of the evidentiary standard required with respect to establishing the amount in controversy when invoking federal removal jurisdiction under CAFA.[2] It did not analyze the Securities Act, the Securities Act's anti-removal provision.

*Dart Cherokee* and *Luther* are thus not "clearly irreconcilable," as Petitioner argues. Pet. Br. at 10. Rather, they are easily reconcilable. *Dart Cherokee* clarified

---

[1] While it is true that the court below stated that Petitioners "are free to argue to the Ninth Circuit that *Luther* was wrongly decided," Defendants-Petitioners' Petition for Permission to Appeal from Order Granting Motion to Remand ("Pet. Br.") at 8, the court also noted that Petitioners' "arguments fail to persuade the court." *Greenwald*, 2018 WL 4961767, at *3.

[2] Specifically, the issue presented was: "To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?" *Id.* at 551.

4

that, although removal statutes are often narrowly construed, *see, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee*, 135 S. Ct. at 554. *Luther* did not depend on the presumption clarified by *Dart Cherokee* in its holding. Rather, while referencing the general presumption, *Luther* relied on a statutory construction of CAFA and SLUSA that is not affected by *Dart Cherokee*. *Luther*, 533 F.3d at 1034. The court relied on the "basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Id*. (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)). *Luther* found that "the Securities Act [] is the more specific statute [because] it applies to the narrow subject of securities cases and §22(a) more precisely applies only to claims arising under the Securities Act []. CAFA, on the other hand, applies to a 'generalized spectrum' of class actions." *Id.* In addition, "§22(a) strictly forbids the removal of cases brought it state court and asserting claims under the Act." *Id.* at 1033.

Petitioners' out-of-Circuit authority is also unavailing. Only one other appeals court has split with *Luther*, the Seventh Circuit, and that decision is also nearly ten years old. *See Katz v. Gerardi*, 552 F.3d 558 (7th Cir. 2009) (*Katz* was decided less than six months after *Luther*). Respondent is unaware of any authority, and Petitioner does not cite to any, that a single conflicting appellate decision is grounds for this Court to reconsider a prior decision. The two decisions by lower courts that Petitioners cite are equally unpersuasive and are also stale, having been decided shortly after *Luther* and *Katz*. *See New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Trust 2006-4*, 581 F. Supp. 2d 581, 587-88 (S.D.N.Y. 2008); *Passarella v. Ginn Co.*, 637 F. Supp. 2d 352, 353-55 (D.S.C. 2009)

(discussing a removal bar in the Interstate Land Sales Full Disclosure Act and not the Securities Act).

In fact, the legal trend is not in Petitioners' favor. Rather, as the Supreme Court has recently confirmed, far from having concerns about Securities Act cases proceeding in state court, Congress expressly granted state courts jurisdiction and enacted an anti-removal bar so that these cases could not be removed. *Cyan*, 138 S. Ct. at 1078. Thus, Petitioners do not have a credible policy basis for their claim that Securities Act cases must be adjudicated in federal court. To the contrary, if adopted, Petitioners' position would create the anomalous result that Securities Act claims concerning "covered securities" could not be removed due to *Cyan* but Securities Act claims for other securities could be removed to federal court. *See id*. at 1071 ("SLUSA's operative provisions . . . apply to only 'transactions in covered securities'" which are traded on national markets) (citation omitted). Such a statutory regime would be nonsensical. There is no reason why Congress would clearly provide that Securities Act claims for securities that trade on national exchanges would be non-removable but, without saying so, create an exception to the Securities Act's anti-removal bar for non-covered securities so that they could be forced into federal court. This is true particularly here where the Government has said, in briefings in *Cyan*, that "SLUSA does not regard suits involving uncovered securities as 'a matter of distinct federal concern'" and the Supreme Court has observed that non-covered securities are "primarily of state concern." *Cyan*, 138 S. Ct. at 1071 (citing Brief for United States as *Amicus Curiae* at 16–17).

### C. Petitioners Cannot Distinguish *Luther*

Petitioner's argument that there is a material distinction between CAFA removals based on 28 U.S.C. §1332(d)(2)(A) as opposed to §1332(d)(2)(B) belies common sense and the case law. First, Respondent's foreign citizenship is not relevant. CAFA alienage jurisdiction is not limited to circumstances where the

6

named plaintiff is a citizen of a foreign state. Instead, that subsection is implicated whenever "any member of [the] class of plaintiffs is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. 1332(d)(2)(B). Thus, as the district court noted, the basis for removal in this case is identical to the basis in *Luther*. *Greenwald*, 2018 WL 4961767, at *2 ("it implausible that the *Luther* action 'brought on behalf of all persons and entities who acquired hundreds of billions of dollars worth of mortgage pass-through certificates,' would not have included a single putative class member satisfying (and implicating) §1332(d)(2)(B)[, and] [t]he same would be true for most Securities Act class actions"). Thus, the distinction that Petitioners seek to draw with *Luther* does not exist.[3]

## III. CONCLUSION

For the foregoing reasons, this Court should deny the Petition for Permission to Appeal.

Dated: November 5, 2018

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ John T. Jasnoch
JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

− and −

---

[3] In addition, Petitioners' alienage jurisdiction-related policy arguments regarding "international" class actions are not compelling. As the court below noted, "Congress has already made clear that removal bars trump the policy considerations unique to alienage jurisdiction." *Id.*

Thomas L. Laughlin, IV
Rhiana L. Swartz
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334

*Attorneys for Plaintiff Avner Greenwald*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(iii) because it contains 2,101 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: November 5, 2018

                                                  SCOTT+SCOTT
                                                  ATTORNEYS AT LAW LLP

                                                    s/ John T. Jasnoch
                                                  John T. Jasnoch

                                                  *Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: November 5, 2018

                                             SCOTT+SCOTT
                                             ATTORNEYS AT LAW LLP

                                             s/ John T. Jasnoch
                                             John T. Jasnoch

                                             *Attorneys for Plaintiff-Appellant*